In the United States District Court
for the Northern District of Texas
Lubbock Division

| | |
|---|---|
| Ralph Jenkins Harding III and Ginger Newton Harding, <br><br> *Plaintiffs,* <br><br> v. <br><br> Higginbotham Insurance Agency, Inc., PURE Risk Management, LLC and Privilege Underwriters Reciprocal Exchange (PURE), <br><br> *Defendants.* | Civil Action No. 5:17-cv-188 <br><br><br><br><br><br> Jury Demanded |

**Defendants' Notice of Removal and Demand for Jury Trial**

To the Honorable United States District Judge:

Come now, Defendants Higginbotham Insurance Agency, Inc., PURE Risk Management, LLC, and Privilege Underwriters Reciprocal Exchange (PURE), and file their *Notice of Removal and Demand for Jury Trial*. In support, the following is provided:

**Introduction**

Plaintiffs Ralph Jenkins Harding III and Ginger Newton Harding filed their state court action against defendants in Lubbock County, Texas on July 10, 2017.[1] The case was docketed as Cause No. 2017-526293; *Ralph Jenkins Harding III and Ginger Newton Harding v. Higginbotham Insurance Agency, Inc., PURE Risk Management, LLC and Privilege Underwriters Reciprocal Exchange (PURE)*; in the 99th Judicial District Court of Lubbock County, Texas. Plaintiffs' claims against defendants sound in breach of contract and negligence.[2] Plaintiffs further allege non-compliance with Sections 541 and 542 of the Texas Insurance Code and seek a declaratory judgment.[3]

---

[1] *See* Exhibit B-1, Plaintiff's Original Petition.

[2] *Id.* at ¶¶ XI, XIV.

[3] *Id.* at ¶¶ XIII, XV.

This lawsuit arises out of a claim for uninsured/underinsured motorist benefits asserted by Ralph and Ginger Harding under a policy of insurance issued by Privilege Underwriters Reciprocal Exchange (PURE). On or about July 18, 2015, Mr. Harding was operating his 1968 Ford Shelby Mustang south on FM 2150 near Slaton, Texas with his wife, Ginger Harding, in the front passenger seat. Concurrently, David Delgado was operating a 1999 Dodge Ram 1500 west-bound on Business 84.

The front of Mr. Delgado's vehicle collided with the left/driver side of Mr. Harding's vehicle at the intersection of FM 2150 and 84 Business. Mr. Delgado was subsequently found to have been intoxicated and driving with a suspended license at the time of the collision. As a result of the collision, plaintiffs sustained numerous personal injuries.

To date, Ralph and Ginger Harding have received $30,055.00 and $30,000.00, respectively, in payments from Mr. Delgado's insurance carrier, Progressive County Mutual Insurance Company.[4] Despite making several allegations of negligence and gross negligence against Mr. Delgado in their petition, plaintiffs settled their claims against Mr. Delgado on July 12, 2016.[5] Plaintiffs subsequently filed claim number TX-004-788 with Privilege Underwriters Reciprocal Exchange (PURE) to receive uninsured/underinsured motorist benefits.

Plaintiffs seek damages for past and future medical expenses, past and future mental anguish, past and future pain and suffering, physical impairment, loss of consortium, loss of household services, loss of companionship and society, future life care expenses, statutory damages and/or penalties pursuant to Sections 541 and 542 of the Texas Insurance Code, attorneys' fees, pre and post-judgment interest, and costs of suit. Plaintiffs claim damages in excess of $1,500,000.00.[6]

Defendants PURE Risk Management, LLC and Privilege Underwriters Reciprocal Exchange (PURE) were served with a copies of Plaintiffs' Original Petition and citation on July 18, 2017.[7] Defendant Higginbotham Insurance

---

[4] *Id.* at ¶ X.

[5] *See* Exhibit C-1, Ralph and Ginger Harding's Full Releases of All Injury Claims with Indemnity.

[6] Exhibit B-1 at ¶¶ V, VII.

[7] *See* Exhibit D, State Court Docket Sheet.

Agency, Inc. was served with a copy of Plaintiffs' Original Petition on July 25, 2017.[8]

Defendants Higginbotham Insurance Agency, Inc., PURE Risk Management, LLC, and Privilege Underwriters Reciprocal Exchange (PURE) filed their Original Answers in state court on August 14, 2017.[9]

Defendants' Notice of Removal is timely as it was filed within thirty (30) days of when Defendant Higginbotham Insurance Agency, Inc. was served.[10] Defendants' Notice of Removal is timely as it is filed within thirty (30) days of when it was first ascertainable that this case could be removed based upon diversity jurisdiction.[11] The one year deadline on removal under 28 U.S.C. 1446(c) has not elapsed.

**The Parties**

Plaintiffs, Ralph Jenkins Harding III and Ginger Newton Harding, are individuals residing in Odessa, Texas. They are Texas citizens.[12]

Defendant, Higginbotham Insurance Agency, Inc., is a domestic corporation incorporated in the State of Texas and domiciled in Fort Worth, Texas.[13] Higginbotham is a Texas citizen. As discussed *infra*, defendants assert that Higginbotham was improperly joined to defeat diversity jurisdiction and, therefore, should not be considered in determining whether this Court has jurisdiction under 28 U.S.C. § 1332.[14]

Defendant, PURE Risk Management, LLC is a foreign limited liability company domiciled in Fort Lauderdale, Florida.[15] PURE Risk Management, LLC's sole member and owner is Privilege Underwriters, Inc., a foreign cor-

---

[8] *See id.*

[9] *See* Exhibits B-2, B-3, and B-4, respectively.

[10] *See* 28 U.S.C. 1446(b)(1); *see also* Exhibit D.

[11] *See* 28 U.S.C. 1446(b)(3).

[12] Exhibit B-1 at ¶ I.

[13] *Id.*

[14] *Salazar v. Allstate Texas Lloyds Inc.*, 455 F.3d 571, 574 (5th Cir. 2006); *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2003).

[15] Exhibit B-1 at ¶ I.

poration incorporated under the laws of the State of Delaware, with its principal place of business in Fort Lauderdale, Florida. It is a Delaware citizen. PURE Risk Management, LLC is a therefore a Delaware citizen.

Defendant, Privilege Underwriters Reciprocal Exchange (PURE), is a foreign unincorporated association of underwriters with a principal place of business in Fort Lauderdale, Florida.[16] Privilege Underwriters Reciprocal Exchange (PURE)'s citizenship is discussed further *infra*. For the purposes of this removal, Privilege Underwriters Reciprocal Exchange (PURE) is a Florida citizen.

### Improper Joinder

Plaintiffs filed suit against Higginbotham Insurance Agency, Inc., alleging Higginbotham procured uninsured/underinsured motorist coverage and umbrella policies on behalf of plaintiffs.[17] Plaintiffs' claims against Higginbotham sound in negligence and breach of contract.[18] Their claim for negligence is as follows:

> Defendant Higginbotham procured uninsured/underinsured motorist coverage and umbrella coverage policies on behalf of Plaintiffs. Higginbotham was given clear instructions as to the type of coverage and quality of coverage and company required, but failed to procure the coverage from a reputable source that would honor their policies. As a result Plaintiffs have been injured by Higginbotham's negligence in an amount as alleged herein.[19]

Texas courts recognize that the statutory language of the Texas Insurance Code and Texas Deceptive Trade Practices Act is broad enough to permit, in the appropriate circumstances, an action against insurance agent. In that regard, "Texas law imposes liability on an insurance agent *only if* the agent misrepresents *specific* policy terms prior to a loss, and the insured's reliance upon the misrepresentation actually causes the insured to incur damages"[20]

---

[16] *Id.*

[17] *Id.* at ¶ XI.

[18] *Id.* at ¶¶ XI, XIV.

[19] *Id.* at ¶ XI

[20] *Hajdik v. Fortis Ins.*, 2007 U.S. Dist. LEXIS 99270, at *5 (S.D. Tex. Jan. 11, 2007)(emphasis added)(*citing Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999)(*citing Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 487 (Tex. 1998) (in-

4

In this case, none of Higginbotham's alleged behavior or communications concern a misrepresentation of a specific policy provision.[21] Simply put, plaintiffs' factual allegations are vague and conclusory. Plaintiffs even fail to allege what specific duty Higginbotham owed them. Therefore, plaintiffs' purported negligence claim fails.

Plaintiffs' claim for breach of contract similarly fails. In their original petition, plaintiffs allege:

> In the alternative, Plaintiffs…seek payment of all their damages from HIGGINBOTHAM, PRM, and PURE due to breach of their insurance contracts to provide at least $1,500,000.00 in underinsured motorist coverage.[22]

The "insurance contract" referenced above is the policy of insurance issued by Privilege Underwriters Reciprocal Exchange (PURE) to plaintiffs. Higginbotham is not a party the policy of insurance.[23] Therefore, plaintiffs cannot maintain a breach of contract claim against Higginbotham.

Defendants recognize that they bear a heavy burden of showing there is no reasonable basis for this Court to predict that plaintiffs may be able to recover against Higginbotham. However, "whether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery."[24]

Plaintiffs have no cognizable claim against Higginbotham. Plaintiffs have not alleged any specific actions on the part of Higginbotham that could possibly be actionable, nor have plaintiffs articulated any specific conduct from which liability could arise. Plaintiffs' sole motive in joining Higginbotham is to defeat federal diversity jurisdiction. Therefore, plaintiffs' claims

---

surance agent made an actionable misrepresentation by stating "that the retrospective premiums would not exceed ten to fifteen percent of [plaintiff's] 1986 premium")); *State Farm Fire & Cas. Co. v. Gros.*, 818 S.W.2d 908, 911 (Tex.App.—Austin 1991, no writ.) (agent made an actionable misrepresentation by stating that damage from rocks falling down the hillside and hitting the plaintiffs' house would be covered by their homeowners' policy when that was not, in fact, true).

[21] *See Lopez v. OM Fin. Life Ins. Co.*, 2009 WL 2591245, at *2 (S.D. Tex. Aug. 19, 2009) (finding improper joinder when plaintiff's DTPA allegations failed to identify a specific policy term that the insurance agent misrepresented).

[22] Exhibit B-1 at ¶ XIV.

[23] *See generally*, Exhibit C-2, Declarations Page for PURE Private Fleet Auto Policy No. PA112701500 issued to Mr. Ralph Harding III and Mrs. Ginger Harding.

[24] *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

against Higginbotham Insurance Agency, Inc. cannot stand and must be dismissed.

## Basis for Removal

a. *Standard for Removal*

Pursuant to 28 U.S.C § 1441, Defendants remove this action to the United States Northern District Court-Lubbock Division. In support of this Notice, defendants show that there is complete diversity of citizenship between plaintiff and defendants because plaintiff and defendants are citizens of different states, and the amount in controversy exceeds $75,000.00. Removal is appropriate because it has been sought within thirty (30) days of defendant first ascertaining that this suit was removable, and it has been less than one year since this action was originally commenced.[25]

b. *Diversity of Citizenship*

Diversity jurisdiction depends upon a showing of complete diversity, which means that none of the plaintiffs may be a citizen of the same state as one of the defendants.[26] A corporate entity is deemed to be a citizen of both the foreign state in which it is incorporated as well as the location where it maintains its principal place of business.[27]

As of the date of filing of this action, and at all times thereafter, up to and including the present, Plaintiff Ralph and Ginger Harding are citizens of the State of Texas.[28] Defendant Higginbotham Insurance Agency, Inc. is a domestic corporation incorporated in the State of Texas with a principal place of business in Fort Worth, Texas. Higginbotham's Texas citizenship is to be disregarded, as discussed *supra*, because it has been improperly joined to defeat diversity jurisdiction.

---

[25] *See* 28 U.S.C. § 1446(b); *see also McCrary v. Kan. City S. RR.*, 121 F. Supp.2d 566, 570 (E.D. Tex. 2000) ("[T]he removal period does not begin to run until the out of state defendant actually is served and not when the Secretary of State receives the process."); *see also Monterey Mushrooms, Inc. v. Hall*, 14. F. Supp.2d 988, 991 (S.D. Tex. 1998) (when service is effected on a statutory agent, the removal period begins when the defendant actually receives the process, not when the statutory agent receives process.").

[26] *See Whalen v. Carter*, 954 F.2d 1087, 1974 (5th Cir. 1992).

[27] *See* 28 U.S.C. § 1332(c)(1); *Mullins v. Test America, Inc.*, 564 F.3d 386, 397 n.6 (5th Cir. 2009).

[28] Ex. B-1 at ¶ I.

Defendant PURE Risk Management, LLC is a limited liability company whose sole member and owner is Privilege Underwriters, Inc., a corporation incorporated in the State of Delaware with a principal place of business in Fort Lauderdale, Florida. It is, therefore, a Delaware citizen.

Defendant Privilege Underwriters Reciprocal Exchange (PURE) is a foreign unincorporated association of underwriters with a principal place of business in the state of Florida. For the purposes of this removal, Privilege Underwriters Reciprocal Exchange (PURE) is *not* required to take on the citizenship of its members under 28 U.S.C. § 1332(c)(1)(A).[29]

Section 1332(c)(1)(A) does not deny federal diversity jurisdiction in every case in which an insurance company is named a party defendant. The provision is not applicable to cases in which an insured is suing its own insurance company.[30]

Additionally, § 1332(c)(1)(A) applies only to policies of liability insurance in which an indemnity agreement protects the insured from liability to others.[31] Courts in this circuit have consistently found that an uninsured/underinsured insurance policy, such as the policies at issue, is not a policy or contract of liability insurance for purposes of Section 1332(c)(1)(A).[32]

Accordingly, under 28 U.S.C. § 1332(c)(1)(A), Privilege Underwriters Reciprocal Exchange (PURE)is not deemed a citizen of Texas and complete diversity exists.[33]

---

[29] Section 1332(c)(1)(A) provides in relevant part, "[I]n any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of—every State and foreign state of which the insured is a citizen...."

[30] *Guerrero v. State Farm Mutual Automobile Insurance Co.*, 181 F.3d 97 (5th Cir. 1999) ("The purposes of the 'direct action' provision in § 1332(c)(1) was to prevent an injured party from gaining diversity over a nondiverse tortfeasor by directly suing the tortfeasor's out-of-state insurance company instead of the tortfeasor. The section was thus not intended to thwart diversity in suits between an insured and the insured's own insurance company").

[31] *Hull v. Allstate Ins. Co., Inc.*, 682 F.Supp. 867, 868 (E.D.La.1988).

[32] *See Hernandez v. Travelers Ins. Co.*, 489 F.2d 721, 725 (5th Cir.1974).

[33] *Holland America Ins. Co. v. Succession of Roy,* 777 F.2d 992, 995 (5th Cir.1985).

    c.    *Amount in Controversy*

Removal is additionally appropriate under diversity jurisdiction as the amount in controversy, exclusive of interest and costs, exceeds $75,000.

Plaintiffs' Original Petition specifically alleges "[Ralph Harding] sues for damages in excess of $1,500,000.00…" and [Ginger Harding] sues for damages in excess of $1,500,000.00…."[34]

### FRCP Rule 38 Jury Demand

A jury trial is demanded on all issues presented in this case.

### Required Documents

Pursuant to 28 U.S.C § 1446(a) and Rule 81.1 of the Local Civil Rules for the Northern District of Texas, defendants attach hereto copies of all pleadings, process, orders, and other filings in the State Court Action as well as the State Court Action's docket sheet. The pleadings, process, orders, other filings, and docket sheet from the State Court Action are identified in the Index of Matters Being Filed with Removal which appears as Exhibit A.

### Required Notice

Pursuant to 28 U.S.C. § 1446(d), defendants will promptly provide notice to all adverse parties and will file a copy of the Notice of Removal with the Lubbock County District Clerk's Office.

### Conclusion

Wherefore, premises considered, Defendants Higginbotham Insurance Agency, Inc., PURE Risk Management, LLC and Privilege Underwriters Reciprocal Exchange (PURE), respectfully request that the Honorable Court remove this action to the United States District Court for the Northern District of Texas. Defendants additionally pray for such further relief, at either law or equity, to which they may prove they are justly entitled.

[*Signature on the following page*]

---

[34] *Id.* at ¶¶ V, VII.

Respectfully submitted,

<u>/s/*Michael D. Williams*</u>

Michael D. Williams
*mwilliams@brownsims.com*
Texas Bar No. 21564330
Federal I.D. No: 6982
1177 West Loop South, Tenth Floor
Houston, Texas 77027
713.629.1580
713.629.5027 fax

*Attorney in Charge for Defendants Higginbotham Insurance Agency, Inc., PURE Risk Management, LLC, and Privilege Underwriters Reciprocal Exchange (PURE)*

**Certificate of Service**

This is to certify that a true and correct copy of the foregoing document, was electronically filed with the Court and served in accordance with the Federal Rules of Civil Procedure as well as the Northern District of Texas' Local Rules via electronic filing as well as facsimile and certified mail, return receipt requested on August 17, 2017.

J. Edwin Price
J. Edwin Price, P.C.
2301 Broadway
Lubbock, Texas 79401
Tel: (806) 747-5000
Fax: (806) 553-6959
eprice@nts-online.net
*Attorney for Plaintiffs*

                    /s/Michael D. Williams
                    Michael D. Williams