Filed 7/10/2017 1:48 PM
Barbara Sucsy
District Clerk
Lubbock County, Texas

NO. ___2017526293___                                          **MK**

| | | |
|---|---|---|
| RALPH JENKINS HARDING III AND GINGER NEWTON HARDING, **PLAINTIFFS** | § § § § | IN THE _99ᵗʰ_ DISTRICT COURT |
| VS. | § § § | OF |
| HIGGINBOTHAM INSURANCE AGENCY, INC., PURE RISK MANAGEMENT, LLC AND PRIVILEGE UNDERWRITERS RECIPROCAL EXCHANGE (PURE), **DEFENDANTS** | § § § § § § | LUBBOCK COUNTY, TEXAS |

### PLAINTIFFS' ORIGINAL PETITION, FIRST SET OF INTERROGATORIES, REQUEST FOR PRODUCTION, REQUEST FOR DISCLOSURES AND REQUEST FOR ADMISSIONS

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COME RALPH JENKINS HARDING III and GINGER NEWTON HARDING, Plaintiffs complaining of Higginbotham Insurance Agency, Inc., Pure Risk Management, LLC and Privilege Underwriters Reciprocal Exchange (PURE), Defendants and would respectfully show:

I.

RALPH JENKINS HARDING III and GINGER NEWTON HARDING reside in Odessa, Ector County, Texas.

Higginbotham Insurance Agency, Inc. (Higginbotham) is a Texas corporation which may be served by serving it's registered agent James R. Reid, at 500 W. 13ᵗʰ Street, Ft. Worth, Texas, 76102, by certified mail, return receipt requested.

Privilege Underwriters Reciprocal Exchange (PURE) is an insurance company organized under the laws of Florida, authorized to do business in Texas and may be served by serving Paracorp Inc., 3610-2 North Josey Lane, Suite 223, Carrollton, TX 75007 by certified mail, return receipt requested.

Pure Risk Management, LLC (PRM) is a limited liability company organized under the laws of Florida, that is not registered to do business in the State of Texas and may therefore be served with

Page 1

process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, per Tex. Civ. Prac. & Rem. Code § 17.044, by certified mail return receipt requested.

Discovery is expected to be conducted pursuant to Level 3 of the Texas Rules of Civil Procedure, Rule 190.4.

## II.

Venue is proper in Lubbock County, Texas, as all events surrounding the collision and triggering the insurance coverage took place in Lubbock County, Texas.

## III.

On or about July 18, 2015,  RALPH JENKINS HARDING III was operating his 1968 Ford Shelby Mustang south on FM2150 near Slaton in Lubbock County, Texas.  GINGER NEWTON HARDING was in the passenger seat. David Delgado was operating a 1999 Red Dodge Ram 1500 west bound on Business 84 having just exited U.S. 84 at an extreme high rate of speed when he suddenly and unexpectedly t-boned the driver's side of the 1968 Mustang totaling both vehicles. David Delgado was intoxicated and should not have been driving - in fact his blood alcohol level several hours following the collision was over two times the legal limit, he had ingested a controlled substance and his driver's license had been suspended.

## IV.

David Delgado was negligent in his operation of his vehicle and was the sole proximate cause of the collision and resultant damages to the Plaintiffs.  David Delgado failed to operate his vehicle in a reasonably prudent manner in the following respects:

1.       In operating his vehicle when he was seriously intoxicated;

2.       In operating his vehicle when he was under the influence of narcotics;

3.       In operating his vehicle at a speed greatly in excess of the posted speed limit;

4.       In operating his vehicle when his license was suspended;

5.      In failing to control his speed to avoid the Plaintiffs;

6.      In failing to keep a proper lookout for the Plaintiffs;

7.      In failing to turn his vehicle to the left or to the right to avoid striking the Plaintiffs;

8.      In failing to timely apply his brakes to avoid the collision;

9.      In failing to sound his horn to warn Plaintiffs of his presence.

Each of the foregoing, taken singularly or in combination constitutes a breach of the duty to operate the vehicle in a reasonable, prudent manner which David Delgado owed to the Plaintiffs.

V.

RALPH JENKINS HARDING III suffered serious injuries to his brain, head, neck, back, ribs, wrists, left shoulder, knees and body generally. He was rendered unconscious at the scene, suffered concussion and traumatic brain injury and had to be evacuated by helicopter. He has been treated by several medical providers, suffers from continuing issues with his brain, head, neck, back, left shoulder, knees, and hands and has thus far endured two surgeries to repair his left shoulder and a surgery on his knee. Additional surgery is needed on his neck and back. He continues to suffer from wrist pain, arm pain, back pain, neck pain, shoulder pain and knee pain due to the collision. He continues to suffer from cognitive deficits, balance issues, vision defects, depression and memory loss and is being treated by an orthopedic surgeon, neurologist, neuro- psychologist and neuro-ophthalmologist. He suffers from a cognitive midline deviation in his vision due to the blow he suffered in the collision. He has been permanently disabled due to the injuries sustained in the collision.  His damages are continuing and lifelong. He sues for damages in excess of $1,500,000.00 which is within the jurisdictional limits of this Honorable Court.

VI.

At the time of the collision, RALPH JENKINS HARDING III was 59 years of age and was retired. He and his wife had purchased a motor home and planned to travel. It will be impossible to do so

now. He had a life expectancy of 23 years and sues for damages for:

1.    Past medical paid or incurred.

2.    Future medical.

3.    Past mental anguish.

4.    Past pain and suffering.

5.    Future pain and suffering and future mental anguish.

6.    Physical impairment.

7.    Loss of consortium.

8.    Loss of household services.

9.    Future life care expenses.

10.   Loss of companionship and society.

## VII.

GINGER NEWTON HARDING suffered serious injuries to her brain, head, neck, back, knees, hip and body generally. She has been treated by several medical providers, endured a hip surgery and needs further treatment. She suffers from headaches, back pain, hip pain and knee pain that did not exist before the collision. She suffers from insomnia, cognitive deficits and depression. She sues for damages in excess of $1,500,000.00 which is within the jurisdictional limits of this Honorable Court.

## VIII.

At the time of the collision GINGER NEWTON HARDING was 59 years of age and was retired. She and Ralph had purchased a motor home and planned to travel which will be impossible to do now. She had a life expectancy of 26 years and sues for damages for:

1.    Past medical paid or incurred.

2.    Future medical.

3.    Past mental anguish.

4.     Past pain and suffering.

5.     Future pain and suffering and mental anguish.

6.     Physical impairment.

7.     Loss of consortium.

8.     Loss of household services.

9.     Future life care expenses.

10.    Loss of companionship and society.

### IX.

David Delgado's actions in (1) driving a vehicle while his license was suspended; (2) while under the influence of narcotics; (3) while intoxicated in excess of twice the legal limit; and (4) at a speed almost twice the posted limit at the time of the collision, constituted gross negligence.

Each of these acts, individually and cumulatively, when viewed objectively from the standpoint of David Delgado at the time of the occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and,

David Delgado had actual subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of RALPH JENKINS HARDING III, GINGER NEWTON HARDING, and all other travelers on Texas highways that day.

Plaintiffs seek exemplary damages in an amount to be determined by the finder of fact within the jurisdictional limits of this honorable court.

### X.

David Delgado was insured by Progressive Insurance Company with limits of liability of $30,055.00 for RALPH JENKINS HARDING III and $30,000.00 for GINGER NEWTON HARDING. Progressive County Mutual Insurance Company has paid those limits of insurance liability to RALPH JENKINS HARDING III and GINGER NEWTON HARDING with PURE's knowledge and permission.

Page 5

XI.

Defendant Higginbotham procured uninsured/underinsured motorist coverage and umbrella coverage policies on behalf of Plaintiffs. Higginbotham was given clear instructions as to the type of coverage and quality of coverage and company required, but failed to procure the coverage from a reputable source that would honor their policies. As a result Plaintiffs have been injured by Higginbotham's negligence in an amount as alleged herein.

XII.

RALPH JENKINS HARDING III and GINGER NEWTON HARDING purchased policies of insurance from the Defendants and paid the premiums for the policies when due. Defendants agreed as part of the coverage to provide to the Hardings, uninsured/underinsured motorist coverage and umbrella coverage whereby the Hardings would be protected should they be involved in a motor vehicle collision in which their damages exceeded the insurance coverage of the policy held by the person who struck them in the collision, in this instance David Delgado.

The motor vehicle causing Plaintiffs' damages as described above was at all times material to this action an "underinsured motor vehicle" as that term is defined in the policies of insurance attached as Exhibit "A" and Exhibit "B". In this connection, Plaintiffs will show that the sum of the limits on all applicable liability policies providing liability insurance for the ownership, maintenance, or use of the vehicle driven by David Delgado is insufficient to compensate Plaintiffs for their actual damages.

Plaintiffs have fully complied with all terms of the insurance policies with Defendants as a condition precedent to bringing this lawsuit. Nevertheless Defendants have failed and refused, and still fail and refuse, to pay Plaintiffs any benefits under these policies as they are contractually required to do.

## DECLARATORY JUDGMENT

### XIII.

Plaintiffs RALPH JENKINS HARDING III and GINGER NEWTON HARDING seek a declaratory judgment pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code that: PURE issued two policies of insurance to Defendants, each covering losses due to underinsured motorists who cause damages and losses to Plaintiffs; that said policies have limits of coverage for underinsured motorist coverage of $500,000.00 and $1,000,000.00 respectively; that Plaintiffs have exhausted the primary coverage of the tortfeasor David Delgado's auto liability policy making him an underinsured driver; that the underinsured coverage of the two PURE policies issued to Plaintiffs is therefore due and payable to Plaintiffs; and that Plaintiffs are entitled to recover attorney's fees and costs in addition to the policy limits per Chapter 37, § 37.009 TX. Civ. Prac. & Rem. Code.

## BREACH OF CONTRACT

### XIV.

In the alternative, Plaintiffs RALPH JENKINS HARDING III and GINGER NEWTON HARDING seek payment of all of their damages from HIGGINBOTHAM, PRM and PURE due to breach of their insurance contracts to provide at least $1,500,000.00 in underinsured motorist coverage. Pursuant to Chapter 38 of TX. Civ. Prac. & Rem. Code, Plaintiffs are also entitled to attorney's fees and costs.

## INTEREST, STATUTORY DAMAGES & ATTORNEY'S FEES

### XV.

In the alternative, Defendants delayed payment of Plaintiffs' claims for more than sixty (60) days after receiving all required and requested items, statements and forms and have not provided Plaintiffs with a reasonable basis for rejecting Plaintiffs' claims for benefits under the policies. Defendants have engaged in deceptive practices in the provision of insurance products and have been provided the

statutory notice. Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading for the prosecution and collection of the claim. Therefore, Plaintiffs are entitled to recover from Defendants the additional sum of eighteen percent (18%) per year of the amount payable under the policy, together with a reasonable sum for the necessary services of Plaintiffs' attorney taxed as costs in the preparation and trial of this action, including any appeals to the Court of Appeals or the Supreme Court of Texas. Plaintiffs are entitled to recover statutory damages pursuant to § 541 of the Texas Insurance Code and § 17 of the Texas Business and Commerce Code.

WHEREFORE, PREMISES CONSIDERED, RALPH JENKINS HARDING III and GINGER NEWTON HARDING, Plaintiffs, pray the Defendants be served with citation and upon final trial that Plaintiffs recover:

1.     A declaratory judgment in compliance with paragraph XIII above;

2.     Judgment for actual damages in an amount within the jurisdictional limits of this Court as set out above;

3.     Statutory penalty for Defendants' failure to comply with the prompt payment provisions of § 542.060 of the Insurance Code;

4.     Statutory damages pursuant to § 541, Texas Insurance Code and § 17 of the Texas Business and Commerce Code;

5.     A reasonable sum for attorney's fees; taxed as costs, as found by the trier of fact, with conditional sums for the services of Plaintiffs' attorney in the event of subsequent appeals.

6.     Pre-judgment interest at the legal rate of 18% from August 15, 2016, to date of judgment;

7.     Post-judgment interest at the legal rate;

8.      Costs of suit; and

9.      General relief.

## First Set of Interrogatories, Request for Production, Request for Disclosures and Request for Admissions

Attached hereto are Plaintiffs' First Set of Interrogatories, Request for Production, Request for Disclosures and Request for Admissions propounded to Defendant. Answers to this discovery are due fifty (50) days following service of the Original Petition and the discovery.

Respectfully submitted,

J. EDWIN PRICE, P.C.
2301 Broadway
Lubbock, Texas 79401
Phone 806-747-5000
Fax 806-553-6959
Email eprice@nts-online.net

_____
J. EDWIN PRICE
State Bar No. 16300300

ATTORNEY FOR PLAINTIFFS

Page 9